IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | Case No. 1:14-CV-01966 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| PETROS HOMES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

Plaintiff, Design Basics, LLC, holds United States Copyright Office-issued certificates of copyrights on plans for residential homes.  It instituted this action for damages contending that defendants used the designs without permission.  Plaintiff has moved for partial summary judgment (ECF Doc. No. 61), claiming that there is no genuine dispute of material fact that it is the owner of a valid copyrights on the home plans at issue.  If the court so finds, plaintiff will have established one of the elements of its copyright infringement claim.  Plaintiff also seeks summary judgment on  several of defendant's affirmative defenses.  The parties have consented to my jurisdiction.[1]

The court will GRANT, in part, and DENY, in part, plaintiff's motion for partial summary judgment.

---

[1] ECF Doc. No. 57, Page ID# 280.

## I.      Undisputed Facts and Case Posture

The undisputed record evidence before the court establishes that Plaintiff Design Basics, LLC, is a building design firm that creates, markets, publishes, and sells licenses for the use of architectural designs.  It also is not disputed that plaintiff holds certificates of copyright registration issued by the United States Copyright Office for the designs at issue here: (1) Plan No. 2408 – Crawford; (2) Plan No. 2326 – Greensboro; (3) Plan No. 2355 – Waverly; (4) Plan No. 4998 – Holden; (5) Plan No. 7614 – Southwick; (6) Plan No. 8108 – Rose Hollow; and (7) Plain No. 2377 – Leighton.  Plaintiff asserts a single cause of action in its amended complaint: copyright infringement.  Plaintiff alleges that several of the drawings, plans and/or houses constructed by defendants were derived from the copyrighted works of plaintiff.  Plaintiff argues that several of defendants' affirmative defenses should be dismissed because they are either not true affirmative defenses or that there is no evidence to support them.

Defendants argue[2] that plaintiff is not entitled to summary judgment on the validity of its copyrights because it failed to produce evidence establishing the originality of its designs.  Defendants also question whether the elements of plaintiff's designs are even protectable under copyright law or if they are standard features not entitled to protection.

Regarding their affirmative defenses, defendants withdraw the defenses of:  1) failure to state a prima facie case; 2) copyrights are invalid; 3) ownership of valid copyrights/originality/copyrightability; 4) actions do not constitute infringement; 5) no access to copyrighted works prior to independent creation; 6) no substantial similarity; 7) independently created plans and/or houses; and 8) no direct infringement.[3]  Defendants oppose summary

---

[2] ECF Doc. No. 65, Page ID# 938.
[3] ECF Doc. No. 65, Page ID# 951.

judgment on the affirmative defenses of innocent infringement, copyright misuse, fair use, laches and license.

## II.     Standard of Review

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct.2505, 91 L.Ed. 2d 202 (1986).  As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.,* 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted); *see also* Fed. R. Civ. P. 56 (e)(2).  As the Supreme Court has explained, "[the non-moving party] must do more than simply show that there is metaphysical doubt as to the material facts." *Matsushita Elec., Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

In determining whether genuine issues of material fact exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson,* 477 U.S. at 255.  In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of any genuine issue of material fact." *Celotex v. Catrett,* 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* Fed. R. Civ. P. 56(c), (e).  However, when the moving party has met this initial burden of establishing the absence of any genuine

issue of material fact, the nonmoving party must come forward with specific facts showing a genuine dispute of material fact for trial.  Fed R. Civ. P. 56(c), (e).

## III.     Law & Analysis

### A.     Whether Plaintiff's Designs are Protected by a Valid Copyright

There are two elements of an architectural copyright infringement claim:  (1) the work must be shown to be protected by a valid copyright; and (2) it must be proven that the defendant copied original or protectable aspects of the copyrighted work.  *Feist Publ'ns, Inc. V. Rural Tel. Serv. Co.,* 449 U.S. 340, 348, 111 S.Ct. 1282, 113 L.Ed.2d 358.  The first prong tests the originality and non-functionality of the work.  *See M.M. Bus Forms Corp. v. Uarco, Inc.,* 472 F.2d 1137, 1139 (6th Cir. 1973).  A fundamental rule of copyright law is that it protects only "original works of authorship," those aspects of the work that originate with the author himself. 17 U.S.C. § 102(b); *Zalewski v. Cicero Builder Dev. Inc.,* 754 F.3d 95, 100, 2014 U.S. App.LEXIS 10609 (2nd Cir. June 5, 2014).

Establishing proof of the first element of the claim can be straightforward.  The ownership of certificates of registration of copyrighted material constitutes *prima facie* evidence of the copyright's validity.  *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 387 F.3d 522, 2004 U.S. App. LEXIS 22250 (6th Cir. 2004).  And, while originality is required for copyright protection, courts have not required an "especially elevated" level of originality in the architectural realm.  *Ranieri v. Adirondacck Dev. Group,* 164 F.Supp.3d 305, 329, 2016 U.S. Dist. LEXIS 20884 (N.D.N.Y. Feb. 22, 2016); *see also Axelrod & Cherveny Architects, P.C. v. Winmar Homes,* 2007 U.S. Dist. LEXIS 15788 (E.D.N.Y. Mar. 6, 2007).  In *Feist,* supra, the Supreme Court indicated that

> The requisite level of creativity is extremely low; even a slight amount will
> suffice.  The vast majority of works make the grade quite easily, as they possess

4

> some creative spark, "no matter how crude, humble or obvious" it might be …
> Originality does not signify novelty; a work may be original even though it
> closely resembles other works so long as the similarity is fortuitous, not the result
> of copying.

*Feist Publ'ns, Inc.,* 449 U.S. at 345.  Nonetheless, standard features "such as windows, doors,

and other stable building components" are not copyrightable. 37 C.F.R. §202.11(d)(2); *Zitz v.*

*Pereira,* 119 F. Supp.2d 133, 147 (E.D.N.Y. 1999).  "In the case of more mundane residential

designs, it is obvious that the use of porches, porticos, dormers, and bay windows, for example,

is not protected, but the particular expression of those ideas and their combination in one house,

may be protected."  *Frank Betz Assoc, Inc. v. J.O. Clark Constr., LLC,* 2010 U.S. Dist. LEXIS

117961 (M.D. Tenn. Nov. 5, 2010).

Plaintiff moves for partial summary judgment on the first element of its copyright

infringement claim – an element that is presumptively satisfied by a certificate of registration and

a minimal showing of creativity in assembling even standard elements of architectural design.

Plaintiff contends, and defendants do not dispute, that plaintiff is the owner of certificates of

registration for the house design plans involved in this lawsuit.  Plaintiff submits the affidavit of

Carl Cuozzo, a senior designer, who has worked for plaintiff for thirty years.[4]  Mr. Cuozzo

attests that Design Basics is the sole author and owner of plaintiff's design plans.[5]  Paragraph 7

of his affidavit states:

> Design Basics independently created all seven of these plans "from scratch,"
> in a collaborative process used by Design Basics since the mid-1980s.  In
> other words, Plaintiff's employee-design professionals would brainstorm new
> designs, which would be created internally, beginning with floor plans and
> elevation drawings, and proceeded to the creation of construction drawings.
> At no time would Design Basic's personnel use third-party designs or
> drawings as a basis for creating its new designs.

---

[4] ECF Doc. No. 61-5, Page ID# 402.
[5] ECF Doc. No. 61-5, Page ID# 403.

Defendants complain that they cannot fully investigate the origin of the house design plans due the destruction of plaintiff's files following a roof collapse at plaintiff's facility in January 2010.  Although this accident may appear suspicious to defendants, the fact that records were lost is not evidence that contradicts that plaintiff is the original author of its design plans. Defendants have not presented any admissible evidence to rebut the presumption that the copyrighted plans were independently created by plaintiff and that they possess the requisite minimal decree of creativity.   As a result, plaintiff is entitled to partial summary judgment on the first element of its copyright infringement claim – that the plans involved in this lawsuit are generally protected by valid copyrights.

Genuine disputes of material fact exist on the second element of the plaintiff's claim.  The second element of a copyright infringement claim tests whether any copying occurred, whether the two designs are substantially similar, and whether the portions of the work copied were entitled to copyright protection.  *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 387 F.3d 522, 534, 2004 U.S. App. LEXIS 22250 (6th Cir. 2004).   Defendants complain that many of the elements of plaintiff's design plans are not entitled to copyright protection because they were standard features or features dictated by building codes and other practical concerns.  These arguments go to the second prong of plaintiff's copyright infringement claim. The court has not been presented with the issues of whether defendant's allegedly infringing conduct involved the actual copying of plaintiff's copyrighted designs, whether the allegedly infringing conduct copied portions of plaintiff's work that were original or merely standard elements that may not be protected by the copyright law, or whether the allegedly infringing conduct created copies that were substantially similar to plaintiff's designs.  Neither side has moved for summary judgment on these issues.  Because of this, much of defendants' argument is

not relevant to the issue presented in the current motion and need not be further considered at this time.

**B.    Affirmative Defenses**

Plaintiff also moves for summary judgment on several of the affirmative defenses asserted by defendants in this case.  Defendants concede that some of their "affirmative defenses" are not truly affirmative defenses and are being abandoned or withdrawn. Specifically, defendants acknowledge that the following defenses are not affirmative defenses: 1) failure to state a prima facie case; 2) copyrights are invalid; 3) ownership of valid copyrights/originality/copyrightability; 4) actions do not constitute infringement; 5) no access to copyrighted works prior to independent creation; 6) no substantial similarity; 7) independently created plans and/or houses; and 8) no direct infringement.[6]  Defendants agree that these may be dismissed as affirmative defenses but reserve the ability to argue these defenses to disprove the elements of plaintiff's claim.  Defendants argue that the "affirmative defenses" of 1) innocent infringement; 2) misuse of copyright; 3) fair use; 4) laches; and 5) license should not be dismissed.

**1.    Innocent Infringement**

There is no innocent infringer defense that completely negates liability for copyright infringement. *Frank Betz Assocs. v. Signature Homes, Inc.,* 2009 U.S. Dist. LEXIS 59354, 92 U.S.P.Q.2D (BNA) 1507, 2009 WL 2151304 (M.D. Tenn. July 13, 2009); *See* 4-13 Nimmer § 13.08.  However, innocent intent can affect how the court exercises its discretion in awarding damages. *Id.;* 17 U.S.C. § 504(c)(2) (2004).  As a result, defendants may be permitted to introduce evidence regarding their intent if it is determined that they copied protected portions of

---

[6] ECF Doc. No. 65, Page ID# 951.

plaintiff's design plans.  Defendants should have withdrawn this defense along with the others because it is not an affirmative defense.  "Innocent infringement" will be dismissed as an affirmative defense but defendants will be permitted to present evidence of innocent intent at trial if necessary.

2.    **Copyright Misuse**

The doctrine of copyright misuse prohibits a copyright holder from using a copyright "to secure an exclusive right or limited monopoly not granted by the [Copyright] Office and which is contrary to public policy to grant. *Alcatel USA, Inc. v. DGI Techs, Inc.,* 166 F.3d  772, 792 (5th Cir. 1999).  This defense functions as an absolute bar on recovery for copyright plaintiffs who have attempted to extend their limited rights to "property not covered by the … copyright." *Lasercomb Am., Inc. v. Reynolds,* 911 F.2d 970, 972 (4th Cir. 1990).

Plaintiff correctly argues that the Sixth Circuit has not recognized the defense of copyright misuse.  In fact, the Sixth Circuit has not addressed the topic.   As described in detail, in a case cited by defendants, *Home Design Servs. v. Park Square Enters.,* 2005 U.S. Dist. LEXIS 33627 (M.D. Fla., 2005), several other circuit courts have recognized the copyright misuse defense:

> The trend toward recognizing the copyright misuse defense, moreover, is well-grounded in the basic objectives of copyright.  At its core, copyright law seeks "to promote the dissemination of creative expression, and provide incentives for copyright owners to produce . . . original works."  *CBS Broad., Inc. v. EchoStar Communications Corp.,* 265 F.3d 1193, 1211 (11th Cir. 2001).  While these goals are furthered by granting copyright holders limited monopolies over the original elements of their creative works, the very same goals may be severely undermined when copyright holders leverage their monopolies to control "areas outside of the monopolies."  *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1026 (9th Cir. 2001).  More to the point, where a copyright holder asserts rights in non-copyrightable materials, other individuals may be discouraged from integrating those non-copyrightable materials into their own original creative works.  *See generally,* William F. Patry & Richard A. Posner, *Fair Use and Statutory Reform in the Wake of Eldred*, 92 Calif. L. Rev. 1639, 1654-59 (2004).

8

The reward for the copyright holder is unduly inflated while the creativity of other individuals is potentially stifled.  In short, the basic goals of copyright are undermined.

Against this background, it is clear that the function of the copyright misuse defense amounts to more than merely penalizing "overclaiming" by copyright holders.  *Id.* at 1658.  Rather, the defense also encourages (or at least diminishes a deterrent for) other members of the public to engage in creative expression.  For this reason, and in accordance with nearly all of the courts which have had occasion to address the issue, the Court recognizes copyright misuse as a viable defense to copyright infringement.

*Home Design Servs.,* 2005 U.S. Dist at *37-39.

Plaintiff also argues that defendants have failed to offer specific evidence to support the misuse defense.  The court disagrees.  Defendants contend that plaintiff's design plans contain many standard elements that are not protected by the copyrights held by plaintiff.  They argue it is a misuse of copyright law to obtain protection over things not able to be copyrighted.  Defendants further assert that the very business "model" utilized by plaintiff – to financially incentivize employees to find alleged copyright infringements, to sue alleged infringers and to force settlements of cases by leveraging the onerous burden placed on the alleged infringers to disprove plaintiff's presumptive damages – is evidence of a "misuse of copyrights" that "completely undermines the purpose behind the protection afforded under copyright law."[7] Defendants have shown how this business "model" has manifested itself by plaintiff's filing of over 80 similar lawsuits in 12 states (most of which were filed after plaintiff's original design files were irretrievably damaged and lost).  Defendants have produced specific information that, if true, could be construed by a jury to support the misuse of copyright defense.

In *Home Design Servs.,* the court reasoned that, if many of the elements of the plaintiff's design plans were later determined to be generic or unprotected, "the logical next step would be to determine whether [plaintiff] has used its limited rights to 'obtain settlement or . . . even to

---

[7] ECF Doc. No. 65, Page ID# 946.

achieve an outright victory over' defendants." *Id.* at 39.  Here, there are genuine disputes of material fact on the asserted affirmative defense of copyright misuse and, absent controlling case law holding that such a defense has been rejected, summary judgment on this defense is inappropriate.

### 3.    Fair Use

The "fair use" defense has been codified by statute and provides, in relevant part:

> [T]he fair use of a copyrighted work, including such use by reproduction in copies . . ., for purposes such as criticism, comment, news reporting, teaching . . ., scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
>
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

These four factors guide courts in deciding cases within the purpose of the fair-use doctrine, which "is to ensure that courts 'avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster.'" *Zomba Enters.,* 491 F.3d at 581 (quoting *Princeton Univ. Press v. Mich. Doc. Servs., Inc.,* 99 F.3d 1381, 1385 (6th Cir. 1996) (en banc), cert. denied, 520 U.S. 1156, 117 S. Ct. 1336, 137 L. Ed. 2d 495, (1997)).  However, the four factors are non-exclusive.  *Swatch Grp. Mgmt. Servs., Ltd. v. Bloomberg L.P.,* 756 F.3d 73, 81 (2nd Cir. 2014).  Defendants bear the burden of proving that their use was fair, but they need not establish that each of the factors weighs in their favor. *N.*

10

*Jersey Media Grp. Inc. v. Pirro,* 74 F.Supp.3d 605, 614 (S.D.N.Y. 2015).  "[T]he factors are to be explored, and the results weighed together, in light of the purposes of copyright."  *Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 578, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994).  The court must consider these factors to determine whether, on the evidence identified by defendants, a reasonable jury could come to the conclusion that defendant's alleged use of plaintiff's design plans was fair.  *Balsley v. LFP, Inc.,* 691 F.3d 747, 2012 U.S. App. LEXIS 17187 (6th Cir. Ohio 2012).

### a)  Factor One: the Purpose and Character of the Use

The first factor concerns the manner in which the copied work was used.  An important focus of the first factor is whether the use is "transformative."  *Authors Guild, Inc. v. HathiTrust,* 755 F.3d 87, 96 (2nd Cir. 2014).  "A use is transformative if it does something more than repackage or republish the original copyrighted work."  *Id.*  "[T]he more transformative the new work, the less will be the significance of the other factors… that may weigh against a finding of fair use."  *Campbell,* 510 U.S. at 579.  As part of the first factor, the court must also consider whether, and to what extent, defendants alleged use of plaintiff's design plans was for a commercial purpose.  *Pirro*, 74 F.Supp.3d at 617-618.

Plaintiff contends that this factor weighs against the fair use defense because the defendants used plaintiff's plan designs for commercial purposes.  There is little doubt that, if the defendants used protected elements of plaintiff's designs, they used them for commercial purposes.  An argument could be made that defendants' use of the plans was transformative, but defendants have not so argued.  The commercial purpose has been established and factor one weighs against the fair use defense.

b)      **Factor Two: the Nature of the Work**

The second statutory consideration recognizes that "some works are closer to the core of intended protection than others, with the consequence that fair use is more difficult to establish when the former works are copied." *Campbell,* 510 U.S. at 586.  As pointed out by plaintiff, "creative expression for public dissemination falls within the core of the copyright's protective purposes," *Id.,* and architectural works are generally considered creative. *Rainieri v. Adirondack Dev. Group,* 164 F.Supp.3d 305, 353, 2016 U.S. Dist. LEXIS 20884 (N.D.N.Y. 2016).  Again, defendants have not argued that this factor weighs in favor of the fair use defense and the court finds that it weighs against its use in this case.

c)      **Factor Three:  the Amount and Substantiality of the Portion Used**

The third factor is "the amount and substantiality of the portion used in relation to the copyrighted work as a whole."  17 U.S.C. § 107(3).  "The question is whether the quantity and value of the materials used are reasonable in relation to the purpose of the copying." *Pirro*, 74 Supp.3d at 620.  "In general, 'the more of a copyrighted work that is taken, the less likely the use is to be fair.'" *Swatch,* 756 F.3d at 89.  The basic inquiry is whether "no more was taken than necessary." *Campbell*, 510 U.S. at 589.

As to the third factor, it is the plaintiff who has not presented any argument in its motion for summary judgment.[8]  Defendants argue that this factor weighs in favor of the fair use defense because they did not use any of plaintiff's work in creating their own designs.  Alternatively, if it is later determined that they *did* copy some of the protected elements of plaintiff's designs, defendants contend that they copied very little.  They point to the deposition testimony of Gary Naim and Carl Cuozzo stating that the alleged similarities between the parties' plans involved

---

[8] ECF Doc. No. 61-2, Page ID# 338-339.

standard elements found in homes such as the placement of stairways, entryways, rooms, porches, and ratio of bedrooms to bathrooms.[9]  This factor weighs in favor of the fair use defense.

### d)    Factor Four: the Effect of the Use Upon the Market or the Value of the Original

The fourth factor relates to the copyright owner's ability to "capture the fruit of his labor and hence his incentive to create." *Bond v. Blum,* 317 F.3d 385, 396 (4th Cir. 2003).  This factor "requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in substantially adverse impact on the potential market' for the original." *Campbell,* 510 U.S. at 590.

Defendants contend that, even if they had used portions of plaintiff's design plans, plaintiff's plans "were still viable and could be used for other projects." *Ranieri,* 164 F.Supp.3d at 354.  Defendants argue that the parties do not share the same client base.  Plaintiff does not use its plans to construct homes but creates plans to be sold or licensed to homebuilders nationwide.  The majority of plaintiff's income comes from the sale of its plans.  Defendant Petros, on the other hand, does not copyright any of its plans.  It builds homes in Northeast Ohio and sells directly to prospective homeowners.  Petros claims that it has a reputation for customizing its homes to the specifications of its customers.  Building specifications of the residential developments, counties and municipalities also dictate elements of defendants' design plans.  Defendants contend that Petros has not usurped any of plaintiff's market or taken over its customer base.  Defendants argue that the fourth factor weighs in favor of the fair use defense.

---

[9] While this evidence does not relate to the first element of plaintiff's copyright infringement claim, it contains both facts and opinions related to whether the parties' designs are substantially similar.  In the event that plaintiff establishes the second element of its copyright infringement claim, this evidence may become relevant to defendants' fair use defense.

Plaintiff asserts that defendants bear the burden of proving the 'market effect' factor. Plaintiff cites *Zomba Enterprises, Inc., v. Panorama Records, Inc.,* 491 F.3d 574, 2007 U.S.App.LEXIS 15180 (6th Cir. 2007) in support of this proposition.  Although *Zomba* does place the burden proof of this factor on the alleged infringer, it is of little precedential value here. In *Zomba,* it was undisputed that defendants copied songs owned by plaintiff and there was evidence illustrating that the parties were operating in the same market.  *Zomba,* 491 F.3d at 583-84.

The non-controlling *Ranieri* decision is more applicable to the facts of this case.  *Ranieri* involved the alleged use of copyrighted architectural plans.  The district judge who denied summary judgment on the fair use defense reasoned that, while defendant had competed in the same market as plaintiff, it had not usurped the market for plaintiff's design. *Ranieiri,* 164 F.Supp.3d at 353-54.  The court reasoned that plaintiff could license or sell his designs to another developer.  His plans were still viable and could be marketed for other projects.  *Id.*

Here, the facts are even more favorable to recognizing the fair use defense.  Plaintiff and defendant are not competing in the same market.  And, unlike the apparent effect on the potential market in *Zomba,* the alleged harm to plaintiff in this case is not so straightforward.  There is no evidence before the court to show that defendants' alleged use of plaintiff's design plans would have *any* impact on plaintiff's nationwide market or whether an outsider would even be aware of the substantial similarity between the two designs.  This is a question of fact which has not been decided.  The fourth factor weighs in favor of the fair use defense.

Defendants claim that they did not copy any protected portions of plaintiff's designs. They have asserted the fair use defense as an alternate means of defending this case, in the event it is determined that they did, in fact, copy protected elements of plaintiff's designs.  After

14

weighing the four factors together, the court cannot conclude, as a matter of law, that the alleged

use of plaintiff's designs was unfair.  Reasonable minds could differ as to whether fair use

applies to the facts of this case, and summary judgment is inappropriate on this affirmative

defense.

### 4. Laches

To prevail on a laches defense, defendants must demonstrate two elements: (1) undue

delay and lack of diligence on the part of plaintiff, and (2) prejudice to defendants as a result of

the delay.  *See Herman Miller Inc.v . Palazetti Imports & Exports, Inc.,* 270 F.3d 298, 320 (6th

Cir. 2001).  If the statute of limitations has not elapsed, there is a strong presumption that

plaintiff's delay in bringing the suit is not unreasonable.  Only rarely should laches bar a case

before the statute of limitations has run.  *Chirco v. Crosswinds Cmtys, Inc.,* 474 F.3d 227, 233,

2007 U.S. App. LEXIS 427 (6th Cir. 2007).

Defendants contend that "Petros has been on [plaintiff's] radar since the 1980s."[10]

Defendants point to the fact that plaintiff was sending its publications to Petros as early as 1987.

Defendants also argue that plaintiff routinely encourages employees to seek out potential

copyright infringement lawsuits.  However, defendants have not presented any Rule 56 evidence

showing that plaintiff was aware of any alleged copyright infringement by Petros in the 1980s or

at any appreciable time before it filed this lawsuit.  In analyzing the first element of the laches

defense – lack of diligence – a plaintiff is chargeable with such knowledge as he might have

obtained upon inquiry, provided the facts already known by him were such as to put upon a man

of ordinary intelligence the duty of inquiry.  *Johnston v. Standard Min. Co.,* 148 U.S. 360, 370,

13 S.Ct. 585, 37 L.Ed. 480 (1893).  But architects have no general ongoing duty to comb through

public records or to visit sites in order to police their copyrights.  *Warren Freedenfeld*

---

[10] ECF Doc. No. 65, Page ID# 959.

15

*Associates, Inc. v. McTigue,* 531 F.3d 38, 46 (1st Cir. 2008). That plaintiff was sending publications to defendant and has sued numerous other entities for copyright infringement does not amount to constructive notice that defendants were potential infringers. There are no genuine disputes of material fact on the first element of defendants' laches defense and plaintiff is entitled to summary judgment on the same.

### 5. License

Plaintiff moves for summary judgment on the affirmative defense of license.[11] Plaintiff complains that defendants have not produced sufficient evidence showing that they purchased a license from plaintiff. Plaintiff characterizes Gary Naim's testimony on this subject as "evasive." Plaintiff argues that defendants must produce an actual licensing agreement to prevail on this affirmative defense.

Defendant Petros represents that it purchased at least one of plaintiff's designs, "the Leighton."[12] As evidence, defendants point to an order detail listing produced by plaintiff showing that Defendant Petros made a purchase from plaintiff on October 2, 1995.

The court notes that, at this time, discovery is ongoing in this case.[13] Some evidence exists to show that Defendant Petros made a purchase from plaintiff in October 2015.[14] The parties should be permitted to fully develop the record as to this purchase. At this time, it appears that there is a genuine dispute of material fact as to whether Defendant Petros purchased one of plaintiff's plans and/or was licensed to use it. Summary judgment on defendant's affirmative defense of license will be denied at this time.

---

[11] ECF Doc. No. 61-2, Page ID# 339.
[12] ECF Doc. No. 65, Page ID# 961.
[13] ECF Doc. No. 59, Page ID# 307.
[14] ECF Doc. No. 65-15, Page ID# 1171.

C.      **Motion to Strike**

Plaintiff's reply brief objects to some of defendants' evidence and "requests" that the court strike it.[15]  In response, defendants filed a memorandum in opposition to plaintiff's motion to strike.[16]  Defendants contend that Rule 12(f) of the Federal Rule Civ. Proc. permits a court to strike *pleadings*, not materials, submitted in support of a motion for summary judgment.  In apparent agreement, plaintiff filed a reply to defendants' memorandum on December 8, 2016.[17]  Plaintiff states that it did not file a motion to strike and that it was only "objecting" to some of the evidence submitted by defendants.

Plaintiff's motion for partial summary judgment objects to the admissibility of some of the evidence defendants submitted in support of their argument that plaintiff's copyrights are invalid.  The court sustained plaintiff's motion on the first element of its copyright infringement claim.  The evidence to which plaintiff has objected was not considered when ruling on the portions of plaintiff's motion for summary judgment which were not sustained.  In any event, plaintiff maintains that it did not file a motion to strike. Consequently, it is unnecessary for this court to issue an order in response to plaintiff's "request."

IV.      **Conclusion**

The court GRANTS, in part, and DENIES, in part, plaintiff's motion for partial summary judgment.  The court grants summary judgment on the first element of plaintiff's copyright infringement claim – that the design plans involved in this lawsuit are generally protected  by valid copyrights.  The court also grants summary judgment on the affirmative defenses of

---

[15] ECF Doc. No. 73, Page ID# 2617.
[16] ECF Doc. No. 776, Page ID# 2743.
[17] ECF Doc. No. 79, Page ID# 2844.

"innocent infringer" and laches.  The court denies summary judgment on the affirmative defenses of copyright misuse, fair use, and license.

     IT IS SO ORDERED.

Dated: March 7, 2017

                               Thomas M. Parker
                       United States Magistrate Judge