IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | Case No. 1:14-CV-01966 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| PETROS HOMES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

This matter is before the court on a motion to exclude evidence under the authority of Rule 37, Fed. R. Civ. P., (ECF Doc. No. 70) filed by plaintiff, Design Basics, LLC.  Plaintiff seeks to exclude defendants' use "of any evidence, whether directly or indirectly, on the issue of expenses, deductions, or allocations under § 504(b) that is not specifically identified payment evidence in Exhibit A to Defendant's Supplemental Response to Plaintiff's Interrogatory No. 9." Defendant opposes the motion to exclude.  The parties have consented to my jurisdiction.[1]

The motion for Rule 37 sanctions is not well taken and will be DENIED.

**I.    Factual Background**

Plaintiff Design Basics, Inc., is a building design firm that creates, markets, publishes, and sells licenses for the use of architectural designs.  Plaintiff holds certificates of copyright registration issued by the United States Copyright Office for most of its designs.  Plaintiff's designs at issue in the present case are: (1) Plan No. 2408 – Crawford; (2) Plan No. 2326 –

---

[1] ECF Doc. No. 57, Page ID# 280.

Greensboro; (3) Plan No. 2355 – Waverly; (4) Plan No. 4998 – Holden; (5) Plan No. 7614 – Southwick; (6) Plan No. 8108 – Rose Hollow; and (7) Plain No. 2377 – Leighton.

Plaintiff filed this lawsuit on September 4, 2014, claiming that defendant, Petros Homes, Inc., infringed on plaintiff's copyrighted plans by manufacturing and selling homes that used plaintiff's designs.[2] Plaintiff amended its complaint on February 24, 2016 to add Gary Naim and Sam Petros as defendants.[3] Plaintiff's amended complaint asserts a single cause of action: copyright infringement. Defendants have completely denied liability.

## II. Standard of Review

It is well established that the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane,* 992 F.2d 601, 604 (6th Cir. 1993). The Sixth Circuit reviews a decision to invoke discovery sanctions under Federal Rule of Civil Procedure 37 for abuse of discretion. *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 551 (6th Cir. 1994).

Rule 26(a)(3), Fed. R. Civ. P., requires a party to make pretrial disclosures of the documents or exhibits the party expects to offer at trial and those it may offer if the need arises. Fed. R. Civ. P. 26(A)(iii). "… Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial." *Id*. "Unless the court orders otherwise, all disclosures under Rules 26(a)(1) through (3) must be made in writing, signed, and served." Fed. R. Civ. P. 26(a)(4).

Rule 37, Fed. R. Civ. P., authorizes the court to impose sanctions if a party fails to make a disclosure by the required date. "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at

---

[2] ECF Doc. No. 1, Page ID# 1.
[3] ECF Doc. No. 48, Page ID# 244.

a trial … any witness or information not disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1).

A party may thus be sanctioned, including having its evidence excluded if the failure to timely disclose was without "substantial justification" or creates "harm"" to the other party. The Sixth Circuit uses four factors to review a Rule 37 sanction: first, whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; second, whether the adversary was prejudiced by the party's failure to cooperate in discovery; third, whether the party was warned that failure to cooperate could lead to the sanction; and fourth, in regard to a dismissal, whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

### III. Arguments Presented

The court has conducted several telephone conferences in this case to deal with discovery disputes between the parties. Plaintiff's motion to exclude evidence (ECF Doc. No. 70) relates to an ongoing discovery dispute. Plaintiff contends that defendants have not provided enough specific evidence and/or analysis related to their alleged expenses, which defendant will try to prove at trial to offset any prima facie damages showing made by plaintiff. Plaintiff wants defendants to identify the specific records reflecting the costs that were incurred in constructing and selling each infringing house. Defendants have provided computer generated summary reports listing their claimed costs that defendants created in the ordinary course of business but printed in response to discovery requests. They have also provided documents evidencing the expenses listed in the "summaries." However, plaintiff argues that defendants have not provided the detailed analysis of these records which plaintiff has repeatedly requested. Plaintiff seeks to

exclude the summary reports because defendants have not identified the specific documents supporting their claimed expenses for each home construction project. Plaintiff also complains that the defendants failed to prepare their representative, Gary Naim, to testify with sufficient depth regarding the topic of deductible expenses during a Rule 30(b)(6) deposition.

In opposition, defendants claim that they produced a computer generated job cost detail report for each of the more than 80 homes in dispute. Defendants argue that these job cost detail reports are business records maintained in the ordinary course and were not merely litigation-created summaries of expenses. Defendants also argue that they produced available invoices, purchase and work orders, receipts, check stubs, and other similar payment records corresponding to the line item costs within the job cost reports. Defendants represent that they uploaded the supporting documentation onto a cloud-based network, thereby making them electronically available and searchable. Defendants argue that they do not have any obligation to create new records or to identify and match every payment record to its corresponding cost itemization on the job cost reports.[4]

Regarding overhead expenses, defendants assert that they have produced computer generated general ledger reports reflecting their business overhead. They further argue that they are not required to produce underlying records to support each and every item of overhead expense incurred by the business. They argue that they are only required to establish a nexus between their overhead expenses and the homes at issue and provide a fair and reasonable formula for allocating overhead costs. Defendants rely on the Sixth Circuit decision in *Scnadig Corp., v. Gains Mfg. Co.,* 620 F.2d 1166, 1980 U.S.App.LEXIS 17748. They submit that they

---

[4] Defendants further represent that they are in the process of matching each payment record with its corresponding itemized cost/expense shown in the job cost report and intend to complete this process before the August 7, 2017 trial. However, they claim it takes approximately 15 hours to complete this process for each of the houses involved. They do not believe that they are required to provide this analysis for the benefit of plaintiff who has access to all of the documentation defendants are using to complete this process.

have produced sufficient records supporting their overhead costs and that plaintiff's motion should be denied.

Regarding the 30(b)(6) deposition, defendants contend that their representative, Mr. Naim, was only one of the representatives they identified in response to plaintiff's 30(b)(6) request. Plaintiff chose to cancel the deposition of defendants' CPA, Mark Roland, the other person whom defendants designated to testify on the topic of defendants' deductible expenses.

## IV. Law & Analysis

Plaintiff has indicated its intent to seek damages under 17 U.S.C. § 504(a) and (b), which provide:

> (a) In general. Except as otherwise provided by this title, an infringer of copyright is liable for either—
>
>> (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b) . . .
>
> (b) Actual damages and profits. The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

Plaintiff wants the court to exclude defendant's evidence of deductible expenses in this case because defendants have not complied with discovery requests and this court's orders. However, an examination of the evidence and the applicable law requires the conclusion that defendants' production of documents reflecting expenses incurred in producing the homes in question has been sufficient. And defendants have complied with the court's orders by confirming that they have produced all evidence of which they are aware.

Plaintiff understandably wants defendants to produce documents analyzing their costs and expenses. That would simplify plaintiff's ability to understand defendants' claims concerning their right to deduct costs from gross profits. But defendants say such analytical records don't exist in their business records. And they argue that they have the right to have their accountant testify about how those expenses are allocated to individual house projects.

None of plaintiff's cited case law supports the exclusion of all cost evidence on the grounds plaintiff claims. In some of those cases courts excluded evidence at trial that was never produced in discovery. For example, in *Champion Foodservice, LLC v. Vista Food Exch., Inc.,* 2013 U.S. Dist. LEXIS 111195 at *31 (N.D. Ohio, Aug. 6, 2013), plaintiff produced only summaries of information and refused to produce the actual documents. Similarly, in *Capital Concepts, Inc., v. Mt. Corp.,* 936 F.2d 661, 2013 U.S. Dist. LEXIS 45220 *669 (W.D.Va., Dec. 30, 2012), defendants refused to produce orders, prices per item, royalty data, discounts and shipping and printing costs, which were needed to determine the accuracy of their financial reports. That's not what has happened here. Defendants say they have uploaded all of the documents underlying their job cost computer ledgers. Those can be compared to the ledgers. And if that comparison shows that the ledgers are not reliable tools for assessing the expenses incurred in constructing homes, then defendants will suffer in the eyes of the jury. In other words, plaintiff's complaint about the sufficiency of defendants' computer-generated job cost detail reports goes to the weight of that evidence, not its admissibility. And, if defendants have produced all of their job cost records, they have not fallen down on the discovery job. That it will be costly for plaintiff to pore over and evaluate those records does not mean defendants should be sanctioned. It is simply a part of the cost of bringing suit.

6

The court also rejects plaintiff's argument that defendants failed to prepare their designated 30(b)(6) witness for deposition. Defendants identified two people to testify about the topics plaintiff chose. But plaintiff chose to depose only one of them. Had the second witness been examined and been found uninformed, plaintiff might have had a point. Plaintiff can't consume half the loaf and then complain about being hungry.

Discovery is ongoing in this case; the deadline to finish is April 1, 2017. Defendants have produced underlying documentation of their expenses for the relevant time period. They represent that they are unaware of any other evidence. They further represent that they are in the process of calculating their direct and overhead expenses in preparation for the August 2017 trial.

In applying the four factors the Sixth Circuit requires for Rule 37 motions, the court finds: first, the alleged failure of defendants to provide the detailed identification/analysis requested by plaintiff is not due to willfulness, bad faith, or fault. *See Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Defendants represent that they have produced all their records and are in the process of finalizing their calculation of their costs for each house at issue. Second, plaintiff will not be prejudiced by defendants' current inability to match each claimed expense in the job cost detail reports with the underlying documents. Plaintiff can – and likely should – make its own analysis of the records so that it can point out at trial whether defendant's records are worth the paper they are printed on. Third, defendants have not been warned by the court that they would be sanctioned for failing to provide the analysis requested by plaintiff. Instead, the court instructed them to confirm in a letter that they had produced all known documentation of their expenses. Defendants appear to have complied with that order. If defendants' records are weak, their defense at trial will be easily overcome. Fourth, even if

defendants had failed to comply with the court's order, less drastic sanctions under Rule 37 would have to be considered first.  Plaintiff has gone right past all of those other remedies and demanded that defendants be prevented from introducing evidence of their construction costs.  That is far too drastic a sanction for what is being contended.  And it would result in an unjustified windfall to plaintiff.  As pointed out by the Supreme Court in *Sheldon v. Metro-Goldwyn Pictures Corp.,* 309 U.S. 390, 399, 60 S.Ct. 681, 84 L.Ed 825 (1940), the purpose of awarding damages in copyright infringement cases is to provide just compensation for the wrong, "not to impose a penalty by giving to the copyright proprietor profits which are not attributable to the infringement."

    Here, we don't know that there was any infringement.  The court has not determined the elements of plaintiff's designs that were copied by Petros Homes.  We don't know whether Petros copied anything.  And if a jury concludes that copying did occur, they will have to decide whether defendant's use of plaintiff's original work resulted in a design that was substantially similar.  In short, there is much more about plaintiff's claim that is not currently known to the court than is known.  And it would be unjust to essentially grant judgment to plaintiff for the millions of dollars in gross receipts generated by Petros' sale of the 80 plus home at issue simply because defendants don't keep their business records in a manner that plaintiff desires.

    This court has powerful weapons under the civil rules that can be used to force the parties to do discovery properly.  Imposing a sanction that essentially takes away the ability of a defendant to defend itself is among those weapons.  But that sword must stay in its scabbard for the time being.  The court would abuse its discretion to grant plaintiff the relief it seeks on the record presented.  The better course for plaintiff and defendants is to work vigorously to prepare the case for trial.  That way, it can either be tried or, if possible, resolved by settlement.

## V. Conclusion

The court DENIES Plaintiff's motion to exclude evidence of defendants' expenses, deductions or allocations under § 504(b) (Doc. #70).

IT IS SO ORDERED.

Dated: March 7, 2017

Thomas M. Parker
United States Magistrate Judge