IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | Case No. 1:14-CV-01966 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| PETROS HOMES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

This matter is before the court on a motion for partial summary judgment (ECF Doc. No. 71) filed by plaintiff, Design Basics, LLC, on November 11, 2016.  Plaintiff contends that it is entitled to judgment as a matter of law on the issue of whether defendants can prove that their overhead expenses contributed to or were incurred in connection with the construction and sale of the homes that were constructed based on allegedly infringing design plans.  The parties have consented to my jurisdiction.[1]

Plaintiff's motion for partial summary judgment is not well taken and will be DENIED.

**I.  Factual Background**

Plaintiff, Design Basics, Inc., is a building design firm that creates, markets, publishes, and sells licenses for the use of architectural designs.  Plaintiff holds certificates of copyright registration issued by the United States Copyright Office for most of its designs.  Plaintiff's

---
[1] ECF Doc. No. 57, Page ID# 280.

designs at issue in this action are: (1) Plan No. 2408 – Crawford; (2) Plan No. 2326 – Greensboro; (3) Plan No. 2355 – Waverly; (4) Plan No. 4998 – Holden; (5) Plan No. 7614 – Southwick; (6) Plan No. 8108 – Rose Hollow; and (7) Plain No. 2377 – Leighton.

Plaintiff filed this lawsuit on September 4, 2014, claiming that defendant, Petros Homes, Inc., had infringed on plaintiff's copyrighted plans.[2]  Plaintiff filed an amended complaint on February 24, 2016 to add Gary Naim and Sam Petros as defendants.[3]  Plaintiff's amended complaint asserts a single cause of action: copyright infringement.  Plaintiff alleges that several of the drawings, plans and/or houses constructed by defendants were derived from the copyrighted works of plaintiff.  Defendants have completely denied liability.

## II.  Standard of Review

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct.2505, 91 L.Ed. 2d 202 (1986).  As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact."  *Kerzer v. Kingly Mfg.,* 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted); *see also* Fed. R. Civ. P. 56 (e)(2).  As the Supreme Court has explained, "[the non-moving party] must do more than simply show that there is metaphysical doubt as to the material facts."  *Matsushita Elec., Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  As for the materiality requirement, a dispute of fact is "material" if it

---

[2] ECF Doc. No. 1, Page ID# 1.
[3] ECF Doc. No. 48, Page ID# 244.

"might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

In determining whether genuine issues of material fact exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson,* 477 U.S. at 255. In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of any genuine issue of material fact." *Celotex v. Catrett,* 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also* Fed. R. Civ. P. 56(c), (e). However, when the moving party has met this initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with specific facts showing a genuine dispute of material fact for trial. Fed R. Civ. P. 56(c), (e).

### III. Arguments Presented

In this second motion for partial summary judgment,[4] plaintiff seeks to restrict defendants' ability to offer evidence to offset plaintiff's prima facie damage proof. Plaintiff argues that it has produced evidence of defendant's gross profits from the sale of homes using the allegedly infringing design plans. It contends that defendants have failed to produce sufficient evidence to permit them to deduct overhead expenses from the profits on these homes.

Defendants argue in opposition[5] that plaintiff is not entitled to summary judgment on this issue. Defendants contend that they *have* produced evidence establishing that they incurred overhead expenses in constructing the homes at issue and which are able to be allocated to those home construction projects using accounting records created in the ordinary course of business.

---

[4] Plaintiff also filed a motion for partial summary judgment on the first element of its copyright infringement claim. See ECF Doc. No. 61.
[5] ECF Doc. No. 81, Page ID# 2888.

They argue that they are not required to prepare a detailed analysis of this evidence for plaintiff's benefit. They also point out that plaintiff chose not to depose defendants' accountant, a person with knowledge of how Petros Homes allocates its costs and expenses. Defendants maintain that the disputes over how these expenses are allocated are questions that must be decided by a jury.

Plaintiff's reply memorandum cites several cases involving infringing defendants who were not permitted to deduct their overhead expenses because they did not produce evidence tying said expenses directly to the infringing items from which they profited. Plaintiff repeats its argument that defendants have failed to produce evidence that would permit the allocation of overhead to the home projects at issue. Plaintiff further contends that it is irrelevant that it chose not to depose defendants' accountant because defendants, not plaintiff, bear the burden of producing evidence related to overhead expenses.

**IV.     Law & Analysis**

17 U.S.C. § 504 provides:

Remedies for infringement: Damages and profits

(a)  In general. Except as otherwise provided by this title, an infringer of copyright is liable for either—

> (1)  the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
>
> (2)  statutory damages, as provided by subsection (c).

(b)  Actual damages and profits. The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

(c)  Statutory damages.

4

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $ 750 or more than $ 30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $ 150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $ 200. The court shall remit statutory damages in any case where an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107 [17 USCS § 107], if the infringer was: (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in section 118(f) [17 USCS § 118(f)]) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

(3) (A) In a case of infringement, it shall be a rebuttable presumption that the infringement was committed willfully for purposes of determining relief if the violator, or a person acting in concert with the violator, knowingly provided or knowingly caused to be provided materially false contact information to a domain name registrar, domain name registry, or other domain name registration authority in registering, maintaining, or renewing a domain name used in connection with the infringement.

(B) Nothing in this paragraph limits what may be considered willful infringement under this subsection.

(C) For purposes of this paragraph, the term "domain name" has the meaning given that term in section 45 of the Act entitled "An Act to provide for the registration and protection of trademarks used in commerce, to carry out the provisions of certain international conventions, and for other purposes" approved July 5, 1946 (commonly referred to as the "Trademark Act of 1946"; 15 U.S.C. 1127).

(d) Additional damages in certain cases. In any case in which the court finds that a defendant proprietor of an establishment who claims as a defense that its activities were exempt under section 110(5) [17 USCS § 110(5)] did not have reasonable grounds to

> believe that its use of a copyrighted work was exempt under such section, the plaintiff shall be entitled to, in addition to any award of damages under this section, an additional award of two times the amount of the license fee that the proprietor of the establishment concerned should have paid the plaintiff for such use during the preceding period of up to 3 years.

Plaintiff's second motion for partial summary judgment relates to how defendants' profits are determined under paragraph (b) of 17 U.S.C. § 504. Plaintiff contends that it has presented proof of defendants' gross profits but defendants have failed adequately to provide evidence of what overhead or fixed expenses Petros Homes incurred that were allocable to the home projects at issue. The court disagrees. Defendants have represented and the court has no reason to dispute that they produced evidence related to the costs of constructing homes and their overhead expenses for the years in question in this lawsuit.

Plaintiff contends that defendants have failed to sufficiently explain how the evidence they produced is allocable to specific construction projects. This argument actually confirms that defendants produced evidence of overhead and fixed expenses. And the argument illustrates the prematurity of plaintiff's contention.

Paragraph (b) of 17 U.S.C. § 504 provides that a copyright owner whose rights have been infringed is entitled to actual damages and any profits that are "attributable to the infringement." At this point in the litigation, there are genuine disputes of material fact related to whether defendants copied protected elements of plaintiff's design plans or whether, if copied, those elements are substantially similar to plaintiff's designs.[6] Plaintiff has established that it is the owner of valid copyrights but it has not yet established that defendant violated the copyright law.[7] The calculation of damages is dependent on what, if any, elements of plaintiff's designs

---

[6] See Memorandum Opinion & Order on plaintiff's first motion for partial summary judgment. (ECF Doc. # 61)
[7] *Id.*

6

were unlawfully infringed and on the profits attributable to that conduct. Plaintiff's motion for summary judgment on the damages portion of its claim is premature.

In *Sheldon v. Metro-Goldwyn Pictures Corp.,* 309 U.S. 390, 60 S.Ct. 681, 84 L.Ed 825 (1940), the U.S. Supreme Court held that a copyright holder was not entitled to *all* of the profits made by an infringing defendant. *Sheldon,* 309 U.S. at 399. In considering the language of the statute, similar to the relevant language here, the Court determined that the recovery of "all profits" was qualified by the words "which the infringer may have made from such infringement." *Id.* The Court determined that profits should be apportioned when "it was clear that all the profits are not due to the use of the copyright material, and the evidence is sufficient to provide a fair basis of division so as to give to the copyright proprietor all the profits that can be deemed to have resulted from the use of what belonged to him." *Id.* at 402. The Court also noted that the purpose of awarding damages in copyright infringement cases was to provide just compensation for the wrong, "not to impose a penalty by giving to the copyright proprietor profits which are not attributable to the infringement." *Id.* at 399.

In the case at hand, it has not yet been determined whether defendants copied protected elements of plaintiff's design plans and whether any common elements, if copied, are substantially similar. If defendants engaged in unlawful conduct, they will be permitted to introduce relevant admissible evidence showing that a portion of their overhead expenses were attributable to the infringing conduct. Plaintiff is certainly entitled to use Rule 56 proceedings to narrow the issues to be decided at trial. And it is not unreasonable to expect an opposing party to produce the evidence needed for a claim or defense or face the potential to have that issue removed from an upcoming trial. Here, plaintiff, while accusing defendants of not producing any evidence of Petros Homes' overhead expenses and of failing to disclose the method by

7

which those expenses are allocated to the home projects at issue, has also chosen not to take testimony from one of defendants' two Rule 30(b)(6) witnesses who were indicated to have knowledge of that exact topic.

From the court's point of view, there seems to be no dispute that defendant has produced its business records from which the overhead expense may be derived. And the method of allocating those expenses is something within the knowledge of the witness not deposed. It is true, as plaintiff contends, that defendants will bear the burden proving what the overhead expenses are and how they are allocable to the individual construction projects. But defendant is not obligated to create records now that detail such methodology. There is no reason why plaintiff cannot depose the remaining witness to find out whether defendants' accounting methods hold water. But it is premature and inappropriate under the common law of Rule 56 to declare at this point in the case that defendant's proof falls short based upon the record before the court.

The Sixth Circuit Court of Appeals considered *Sheldon* when it determined whether fixed expenses should be permitted to offset profits in a patent infringement case. *See Schnadig Corp. v. Gaines Mfg. Co.,* 620 F.2d 1166, 1174 (1980). The Sixth Circuit wrote:

> The common thread running through the cases which have addressed this issue is a grant of considerable discretion to the trial court. Although the proper treatment of fixed expenses can be viewed as a question of law, most courts have perceived the real question to be the relationship between the particular fixed costs and the infringing production in each case, and this has been treated as a question of fact. This was the view expressed by the Supreme Court in *Sheldon* [citation omitted.] The plaintiffs in *Sheldon* argued that overhead expenses should not have been considered in computing the profits to be awarded for copyright infringement. The Supreme Court wrote simply:
>
>> Petitioners also complain of deductions allowed in the computation of the net profits. These contentions involve questions of fact which have been determined below upon the evidence and we find no ground for disturbing the court's conclusions.

8

*Schnadig,* 620 F.2d at 1174.

Plaintiff's attempt to distinguish *Schnadig* is not well taken.[8] Plaintiff argues that the decision in *Schnadig* is limited because it was a patent case involving a different statutory scheme. However, the Sixth Circuit's reference to *Sheldon,* a case involving a copyright infringement case belies plaintiff's argument. Plaintiff also states that *Schnadig* has never been cited in a subsequent Sixth Court opinion or by a federal district court in Ohio. This argument is of no consequence. *Schnadig* has now been cited and, because it was decided by a court whose decisions bind this court, it must be considered.

Plaintiff's second motion for partial summary judgment is premature and lacks merit. Whether defendants will be able to deduct overhead expenses from their profits is dependent on several unresolved questions of fact – such as: 1) whether defendants copied protected elements of plaintiff's design plans; 2) whether such copying, if proven, resulted in substantially similar designs; 3) whether any gross or net profits resulted from the alleged infringement; and 4) whether defendants' method of allocating overhead expenses to specific home construction projects is supported by sufficient evidence and an appropriate methodology so that they can be used in calculating defendants' net profits.

---

[8] ECF Doc. No. 71-1, Page ID# 2038.

## V. Conclusion

The court DENIES Plaintiff's motion for partial summary judgment (ECF Doc. No. 71) on the issue of overhead expenses.

IT IS SO ORDERED.

Dated: March 7, 2017

Thomas M. Parker
United States Magistrate Judge

_____