IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | Case No. 1:14-CV-01966 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| PETROS HOMES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

This matter is before the court on a motion in limine to preclude defendants from presenting evidence of deductible expenses and/or off-setting items. (ECF Doc. No. 72) Plaintiff seeks to exclude defendants' use at trial of any evidence, of deductible expenses, deductions, or allocations under § 504(b) that was not specifically identified payment in Defendant Petros's Supplemental Response to Plaintiff's Interrogatory No. 9. Defendant opposes the motion to exclude. The parties have consented to my jurisdiction.[1]

The motion in limine is not well taken and will be DENIED.

Plaintiff has filed several motions related to the expense evidence defendants produced in discovery. In this motion in limine, plaintiff requests that the court preclude defendants from presenting evidence, eliciting testimony, or in any way mentioning, directly or indirectly the following:

---
[1] ECF Doc. No. 57, Page ID# 280.

1) Summaries or charts of deductible expenses and/or off-setting items pursuant to 17 U.S.C. § 504(b), including Petros' Overhead Expense Summaries, J/C Detail Reports, Work Order History Re-Prints; and

2) Any evidence of deductible expenses and/or off-setting items pursuant to 17 U.S.C. § 504(b) other than those payment records already specifically identified by Defendants in Petros' Supplemental Response to Plaintiff's Interrogatory No. 9 by individual bates number.

Much of plaintiff's motion in limine is a restatement of arguments previously raised in plaintiff's motion to exclude under Rule 37[2] (ECF Doc. No. 70). Plaintiff also argues that Federal Rule of Evidence 1006 precludes "summaries" of information and that evidence of defendants' expenses should be excluded from trial on that basis.

Defendants respond that they produced job cost detail reports ("J/C reports") and other expense evidence that are not "summaries" of information created for litigation, but were reports made in the regular course of business. They cite case law holding that computer data compiled in the ordinary course of business and presented in computer printouts prepared for trial is admissible under Rule 803(6). *U-Haul Int'l v. Lumbermens Mut. Cas. Co.,* 576 F.3d 1040, 1043-44 (9th Cir. 2009).

As plaintiff argues, the Federal Rules of Evidence and the Federal Rules of Civil Procedure do not explicitly authorize motion in limine practice, but the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.,* 469 U.S. 38, 41 (1984). The purpose of a motion in limine is to allow the court to rule on issues pertaining to evidence in advance of trial in order to avoid delay, and ensure an even-handed and expeditious trial. *See United States v. Brawner,* 173 F.3d 966, 970 (6th Cir. 1999).

---

[2] The court has also issued an order denying plaintiff's motion to exclude under Rule 37, rendering moot much of plaintiff's motion in limine.

2

Discovery is ongoing in this case; the deadline to finish is April 1, 2017. Defendants have produced underlying documentation of their expenses for the relevant time period. They represent that they are unaware of any other evidence. They further represent that they are in the process of calculating their direct and overhead expenses in preparation for the August 2017 trial.

Rule 26(a)(3), Fed. R. Civ. P., requires a party to make pretrial disclosures of the documents or exhibits the party expects to offer at trial and those it may offer if the need arises. Fed. R. Civ. P. 26(A)(iii). "… Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial." *Id*. "Unless the court orders otherwise, all disclosures under Rules 26(a)(1) through (3) must be made in writing, signed, and served." Fed. R. Civ. P. 26(a)(4).

As previously indicated in the court's order denying plaintiff's motion to exclude under Rule 37, the court declines to exclude evidence of defendants' expenses based on an argument that defendants failed to produce evidence. Defendants represent that they have produced all their records and are in the process of finalizing their calculation of their costs for each house at issue. The court also declines to issue a prospective order ruling that defendants may not use summary reports, should such be created before trial. Defendants are in the process of analyzing the produced expense records so that they will be able to intelligibly argue their deductible expenses at trial. This is not a case involving defendants who have produced only litigation-created summaries of their expenses and have refused to produce the underlying evidence. Instead, defendants have produced computer-generated summaries that are kept in the ordinary course of business. Such records are not governed by Fed. R. Evid. 1006. At this time, plaintiff

has not set forth a valid reason for excluding evidence of defendants' expenses at trial.

Plaintiff's motion in limine (ECF Doc. No. 72) is DENIED.

    IT IS SO ORDERED.

Dated: March 7, 2017

                                                Thomas M. Parker
                                                United States Magistrate Judge