IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | Case No. 1:14-CV-01966 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| PETROS HOMES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

Plaintiff, Design Basics, LLC has moved to exclude defendants' expert witness Karl Keidel because defendants violated the court's case management scheduling order. (ECF Doc. No. 82)  Although defendants did designate Karl Keidel as an expert witness by the court's deadline, they failed to produce a report, as required by the order and Fed. R. Civ. P. 26(a)(2)(B). Defendants oppose the motion to exclude.  The parties have consented to my jurisdiction.[1]

The motion to exclude defendants' expert as a sanction under Rule 37 is not well taken and will be DENIED.

I.  **Factual Background**

Plaintiff Design Basics, Inc., is a building design firm that creates, markets, publishes, and sells licenses for the use of architectural designs.  Plaintiff holds certificates of copyright registration issued by the United States Copyright Office for most of its designs.  Plaintiff's designs at issue in the present case are: (1) Plan No. 2408 – Crawford; (2) Plan No. 2326 –

---

[1] ECF Doc. No. 57, Page ID# 280.

Greensboro; (3) Plan No. 2355 – Waverly; (4) Plan No. 4998 – Holden; (5) Plan No. 7614 – Southwick; (6) Plan No. 8108 – Rose Hollow; and (7) Plain No. 2377 – Leighton.

Plaintiff filed this lawsuit on September 4, 2014, claiming that defendant, Petros Homes, Inc., infringed on plaintiff's copyrighted plans by manufacturing and selling homes that used plaintiff's designs.[2] Plaintiff amended its complaint on February 24, 2016 to add Gary Naim and Sam Petros as defendants.[3] Plaintiff's amended complaint asserts a single cause of action: copyright infringement. Defendants have completely denied liability.

The court issued a case management conference order on July 7, 2016 (ECF Doc. No. 59) which established December 1, 2016 as the date for identifying plaintiff's expert and any defense expert on a subject matter for which defendants have the burden of proof. On December 1, 2016, defendants filed a notice of identification of expert witness indicating that they may call Kurt Keidel as an expert witness. Defendants provided Mr. Keidel's contact information and curriculum vitae, but they did not provide a report as required by Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff's counsel wrote to defendants' counsel on December 13, 2016 demanding immediate production of Keidel's expert report. In response, defendants informed plaintiff that their expert had not completed his report and they requested until January 16, 2017 to produce the report. In a January 25, 2017 letter to the court, plaintiff's counsel advised that defendants served Keidel's expert report on plaintiff's counsel on January 23, 2017. Plaintiff's deadline to serve a responsive report was February 1, 2017. Defendants never sought an extension of the expert disclosure deadline from the court.

---

[2] ECF Doc. No. 1, Page ID# 1.
[3] ECF Doc. No. 48, Page ID# 244.

## II.  Standard of Review

"It is well established that the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane,* 992 F.2d 601, 604 (6th Cir. 1993).  The Sixth Circuit reviews a decision to invoke or deny discovery sanctions under Federal Rule of Civil Procedure 37 for abuse of discretion. *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 551 (6th Cir. 1994).

Rule 26(a)(3), Fed. R. Civ. P., requires a party to make pretrial disclosures of the documents or exhibits the party expects to offer at trial and those it may offer if the need arises. Fed. R. Civ. P. 26(A)(iii). "… Unless otherwise directed by the court, these disclosures must be made at least 30 days before trial." *Id*.  Rule 26(a)(2)(B) provides that "[u]nless otherwise stipulated or ordered by the court, [an expert disclosure] must be accompanied by a written report…"

Rule 37, Fed. R. Civ. P., authorizes the court to impose sanctions if a party fails to make a disclosure by a required date.   "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial … any witness or information not disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1).

The court may exclude a party's evidence if the failure to timely disclose was without "substantial justification" or creates "harm"" to the other party.  The Sixth Circuit uses four factors to review a Rule 37 sanction: first, whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; second, whether the adversary was prejudiced by the party's failure to cooperate in discovery; third, whether the party was warned that failure to

3

cooperate could lead to the sanction; and fourth, in regard to a dismissal, whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

### III.     Arguments Presented

Plaintiff argues that defendant's expert should be excluded as a sanction for defendants' failure to provide an expert report by December 1, 2016. Plaintiff argues that defendant's expert report was tardy and is deficient. Plaintiff contends that it has been prejudiced because the time for identifying its responsive expert was reduced to seven days.

Defendants responded in opposition to plaintiff's motion to exclude on January 3, 2017. Defendants do not dispute that they failed to produce a timely expert report. They represent that they told plaintiff they would extend plaintiff's deadline for designating a rebuttal expert witness to March 17, 2017. Thus, they argue that their failure to meet the deadline was not intentional and that any prejudice plaintiff may have suffered from the late disclosure would have been cured by their willingness to permit plaintiff additional time to produce its responsive expert report. They also point out that the August trial date is not imminent and argue that plaintiff will have sufficient time to prepare for trial and has not been prejudiced in any other way. Finally, defendants contend that their expert's testimony is very important to their case and they request that the court deny the severe sanction requested by the plaintiff in this motion to exclude.

### IV.     Law & Analysis

Fed. R. Civ. P. 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here, defendants have not provided any substantial

justification for their failure to submit a timely expert report. They did not request an extension from the court and only after plaintiff demanded the report did they request that plaintiff stipulate to an extension. This was a serious violation. Plaintiff was placed in the compromising position of not knowing whether it was required to comply with the court's other deadlines related to the expert disclosure. Thus, plaintiff filed this motion and sent correspondence to the court which could have been avoided if defendants had simply requested a stipulated extension or moved to modify the deadline before it expired.

The record does not reveal any harm to plaintiff from defendants' failure to comply with the court's order. According to plaintiff's correspondence, defendants provided an expert report on January 23, 2017. Defendant agreed that plaintiff could have additional time to disclose a rebuttal expert. Because the trial date is not until August, there is no reason to believe that plaintiff will be prejudiced by defendants' failure to produce a timely expert report. It is unclear from plaintiff's filings and correspondence whether plaintiff may have already produced a responsive expert report or whether it was able to do so by the original deadline. Patently, plaintiff would have been entitled to an extension of the deadline for disclosing responsive experts. Neither party's filings shed light on whether plaintiff has disclosed a responsive expert.

As noted in prior orders, this court has powerful weapons under the civil rules that can be used to force the parties to do discovery properly. On several occasions, plaintiff has requested sanctions disproportionate to the contended failings of the defense. Defendant's disregard for the court's order in this instance was a serious violation. But imposing a sanction that precludes the testimony of defendants' principal expert due to an untimely submission of an expert report is a disproportionately severe sanction under the circumstances – one which the court is unwilling to impose. The better course for plaintiff and defendants is to work vigorously to prepare the case

for trial and to work with one another to resolve such conflicts without continually involving the court.

**V.      Conclusion**

The court DENIES Plaintiff''s motion to exclude expert under Rule 37 (ECF Doc. No. 82).

IT IS SO ORDERED.

Dated: March 7, 2017

Thomas M. Parker
United States Magistrate Judge