IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| DESIGN BASICS, LLC, | ) | Case No. 1:14-CV-01966 |
|---|---|---|
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| v. | ) ) | |
| PETROS HOMES, INC., et al., | ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) ) | |

This matter is before the court on a motion to exclude expert opinion evidence. (ECF Doc. No. 97) Plaintiff seeks to exclude any expert opinion evidence offered by defendants' expert, Richard Kraly. Plaintiff contends that Mr. Kraly's opinions and conclusions fail to satisfy the requirements set forth in Rule of Evidence 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Defendants oppose the motion to exclude. The parties have consented to my jurisdiction.[1]

Plaintiff's motion to exclude is GRANTED, in part, and DENIED, in part.

**I.     Introduction**

Plaintiff claims that defendants copied protected design plans of residential homes. In a prior order, the court granted partial summary judgment on the first element of plaintiff's copyright infringement claim – that plaintiff owned valid copyrights. The second element of the

---
[1] ECF Doc. No. 57, Page ID# 280.

claim and the remaining issue is whether defendants copied original or protectable aspects of plaintiff's design plans. To establish that element, plaintiff must prove that defendants actually copied the design plans. Because direct evidence of copying is only rarely available, a plaintiff may also "prove copying by showing: (1) that the defendant had the opportunity to copy the original (often called 'access'); and (2) that the two works are 'substantially similar,' thus permitting an inference that the defendant actually did copy the original." *Peters v. West,* 692 F.3d 629, 633 (7th Cir. 2012)

Showing that a defendant had access to the work is not difficult[2] and defendants have not moved for summary judgment on that issue.[3] Thus, this case will turn on whether the parties' design plans are substantially similar. Although the question of substantial similarity seems like it would be a straight-forward inquiry, often times, it is not. Courts are required to apply a two-step process filtering out unprotectaable elements of the works and then comparing the protecaable elements of the parties' designs.

In *Kohus v. Mariol,* 328 F.3d 848, 855(6th Cir. 2003) the Sixth Circuit approved this two- step approach in a copyright infringement case stating:

> [T]he first step "requires identifying which aspects of the artist's work, if any, are protectible by copyright," [*Sturdza v. United Arab Emirates,* 281 F.3d 1287, 1295 (D.C. Cir. 2002)]; the second "involves determining whether the allegedly infringing work is 'substantially similar' to protectible elements of the artist's work," *Id.* at 1296. We approve this method, and adopt it.
>
> The essence of the first step is to filter out the unoriginal, unprotectible elements-- that were not independently created by the inventor, and that possess no minimal degree of creativity, see *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345, 113 L. Ed. 2d 358, 111 S. Ct. 1282 (1991*)* --through a variety of analyses.

---

[2] For purposes of copyright infringement, access means [seeing] or a having a reasonable opportunity to [see] the plaintiffs' work and thus having the opportunity to copy. *See Tree Publ'g Co. v. Warner Bros. Records,* 785 F. Supp. 1272, 1274 (M.D. Tenn. 1991); *Intersong-USA v. CBS, Inc.,* 757 F. Supp. 274 (S.D.N.Y. 1991).
[3] ECF Doc. # 104, Page ID# 4425.

There are several doctrines that separate protectable expression from elements of the public domain. *Zalewski v. Cicero Builders Dev., Inc.,* 754 F.3d 95, 102 (2nd Cir. 2014). The doctrine of "scenes-a-faire" teaches that elements of a work that are indispensable, or at least standard, in the treatment of a given topic" – like elements taken from certain recognized architectural styles, such as colonial houses, should get no protection. *Id.* at 103, 106. The "merger doctrine" provides that some ideas can only be expressed in a limited number of ways – common elements like doors and walls are not copyrightable, but their arrangement in a building is. *Id.* at 103. "Some architectural designs, like that of a single-room log cabin, will consist solely of standard features arranged in standard ways; others, like the Guggenheim, will include standard features, but also present something new." *Id.*

Plaintiff argues that the two-part tests established in *Kohus* and *Stromback v. New Line Cinema* 384 F.3d 283, 294 are inapplicable here because those cases did not involve architecture.[4] This attempted distinction fails; numerous cases from this court, the Sixth Circuit, and other circuits have applied the two-part test in architecture cases. In *Robert L. Stark Enters., v. Neptune Design Grp., LLC,* 2017 U.S. Dist. LEXIS 55951, *15-16, a case involving architectural drawings, this court noted that the two-part test would be applied to determine whether two works are substantially similar. In *Zalewski* the Second Circuit held that architectural copyrights should be treated no differently than other copyrights, noting that architecture, like other works of art, has "standard elements, which taken in isolation are uncopyrightable." *Zalewski,* 754 F.3d at 104. And in *Tiseo Architects, Inc. v. B & B Pools Serv.*

---

[4] ECF Doc. 101, Page ID# 4266. Plaintiff asserts this argument in its memorandum in opposition to defendants' motion for summary judgment.

3

*& Supply Co.,* 495 F.3d 344, 347-348 (6th Cir. 2007), the Sixth Circuit held that the district court had applied the correct legal standard to architectural drawings and expressly approved of the two-part "filtering" test stating:

> It is well established that "originality is a constitutionally mandated prerequisite for copyright protection." *Feist,* 499 U.S. at 351. Accordingly, the substantial similarity analysis of a copyright infringement claim is divided into two steps: "the first step requires identifying which aspects of the artist's work, if any, are protectible by copyright; the second involves determining whether the allegedly infringing work is 'substantially similar' to protectible elements of the artist's work." *Kohus v. Mariol,* 328 F.3d 848, 855 (6th Cir. 2003) (internal quotation marks and citations omitted). "The essence of the first step is to filter out the unoriginal, unprotectible elements-elements that were not independently created by the inventor, and that possess no minimal degree of creativity-through a variety of analyses." *Id.* (citation omitted). The district court's discussion of the "explanation" for the "substantial similarity" between the floor plans merely identifies those unoriginal and uncreative parts of Tiseo Architects' work that are not protectable by copyright. Then, after extracting those unprotectable aspects of Tiseo Architects' drawings, the district court compared the remaining protectable elements to Olson's work, and found that they were not substantially similar.

Thus, the court rejects plaintiff's argument that the court should not separate standard, uncopyrightable features of their architectural designs from those that may enjoy copyright protection in this case. With this background information and applicable law in mind, the court considers plaintiff's motion to exclude.

## II. Parties' Arguments

Plaintiff argues that Richard Kraly has little knowledge of copyright law and should not be permitted to serve as an expert in this case. In support, plaintiff submits a deposition taken of Mr. Kraly in an unrelated 2006 case.[5] In that deposition, plaintiff's counsel asked numerous questions about Mr. Kraly's expertise of copyright law. Plaintiff argues that Mr. Kraly is unqualified to serve as an expert in this case because, "he has no familiarity with the Berne Convention or the Architectural Works Copyright Protection Act, has read no cases on copyright

---

[5] ECF Doc. 97-3 at Ex. 2, Page ID# 3953-4044.

law, and has never taught or published on the subject."[6] Plaintiff contends that Mr. Kraly does not understand the definition of the term "original" in the context of a copyright infringement case. Plaintiff also argues that Mr. Kraly doesn't understand how copyright law relates to functional aspects of architectural works. Plaintiff criticizes legal resources listed in Mr. Kraly's report. Plaintiff contends that Mr. Kraly's opinions as to public domain are erroneous. It argues that Mr. Kraly does not understand the U.S. Copyright Office's definition of that term. To the extent that any of Mr. Kraly's opinions are based on proper law, plaintiff argues that his opinions are not based on a reliable methodology. Plaintiff describes Mr. Kraly's opinions as mere *ipse dixit.* Plaintiff criticizes Mr. Kraly's analysis for failing to consider other homes and builders in the area. Plaintiff argues that the court should not accept Mr. Kraly's report merely because he is a licensed architect. Plaintiff argues that some of the legal resources referenced in Mr. Kraly's report support plaintiff's position.

Defendants argue that Mr. Kraly is a registered architect and has expertise that will assist the court in the summary judgment proceedings and the jury at trial, if necessary, in determining whether the parties' designs are substantially similar. Defendants argue that plaintiff has been aware of Mr. Kraly's qualifications since at least 2006, when plaintiff's counsel took the deposition of Mr. Kraly. Defendants contend that Mr. Kraly's references to copyright law do not render his opinion inadmissible. As an architect he is qualified to testify regarding the originality and functional aspects of plaintiff's designs. Defendants cite case law holding that expert testimony is warranted in order to determine whether copying of protected elements has occurred. *Kohus v. Mariol,* 328 F.3d 848, 857-858 (6th Cir. 2003); *Design Basics, LLC, v. Drexel*

---

[6] ECF Doc. 97-1, Page ID# 3874.

*Bldg. Supply, Inc.,* 2017 U.S. Dist. LEXIS 9613, *6 (E.D. Wis. Jan. 24, 2017); *Francescatti v. Germanotta,* 2014 U.S. Dist. LEXIS 81794, *37 (N.D. Ill. June 17, 2014).

Plaintiff replied on June 13, 2017 contending that Mr. Kraly should not be permitted to opine on ultimate legal issues. Plaintiff believes that Mr. Kraly's testimony will confuse, rather than assist, a jury. Plaintiff continues to argue that Mr. Kraly doesn't understand plaintiff's characterization of copyright law and that his expertise is unreliable as a result. Despite the fact that plaintiff chose not to depose Mr. Kraly in this case, plaintiff requests a *Daubert* hearing so that it can further challenge his ability to testify as an expert.

### III.  Law & Analysis

**A. The Requirements of Federal Rule of Evidence 702**

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) and its progeny, district courts must exercise a gatekeeping role in screening the reliability of expert testimony to keep "junk science" away from juries. *Thomas v. Novartis Pharmaceutical Corp*., 443 F. App'x 58, 60 (6th Cir. 2011). Consistent with this directive, the Federal Rules of Evidence provide:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This rule compels district courts to perform "gatekeeping functions when determining the admissibility of expert scientific and technical evidence." *See e.g. United States v. Abreu,* 406 F.3d 1304 (11th Cir. 2005) (quoting *United States v. Frazier,* 387 F.3d 1244, 1260 (11th Cir. 2004).

6

The trial court's gatekeeping function requires it to conduct an analysis of the foundations of expert opinions to ensure they meet the standards for admissibility under Rule 702. *Id.* The objective of the requirement is to ensure that expert testimony is reliable and relevant. "It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999). "The inquiry… is a flexible one" because, in any given case, "[m]any factors will bear on the inquiry, and we don't presume to set out a definitive checklist or test." *Daubert,* 509 U.S. at 593.

Architects are commonly considered experts within the scope of Rule 702. See Fed. R. Evid. 702 advisory committee's note ("[W]ithin the scope of this rule are not only experts in the strictest sense of the word, e.g. physicians, physicists, and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers or landowners testifying to land values."). "An expert must possess a verifiable expertise in the subject matter for which he or she seeks to testify." *Wheeler Peak, LLC v. L.C.I.2, Inc.,* 2010 U.S. Dist. LEXIS 13365, 2010 WL 611011 (D.N.M. 2010); see also Fed. R. Evid. 702. The expert is also "required to possess such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004).

**B. Richard Kraly's Qualifications**

Richard Kraly is an architect registered in three different states.[7] He earned a Bachelor of Architecture from the University of Cincinnati School of Architecture in 1978.[8] He has worked

---

[7] ECF Doc. 102-3, Ex. 3, Page ID# 4408.
[8] Id.

in the field of architecture since 1976.[9] He is affiliated with several different national organizations related to his profession and his work has been published in a variety of local publications and magazines.[10]

Plaintiff does not challenge Mr. Kraly's expertise as an architect *per se*.[11]  Rather, plaintiff has attempted to discredit Mr. Kraly's basis for testifying here because he is not an expert at copyright law.  But, as explained below, that is not the issue on which his opinion would assist the court and the trier of fact in this case.  His testimony may be helpful in determining the elements of the parties' works that are common and whether the similarities of protected elements of the parties' works are sufficient to prove copying.

**C. Richard Kraly's Expert Report**

In his report, Richard Kraly first describes certain elements of plaintiff's designs that are considered standard features.  He lists standard materials used in the industry such as common roofing materials, wall finishes, etc.; standard components/assemblies such as doors, windows, electrical systems, etc.  He also lists functionally required design elements such as standard rooms that are included in most residences, functional exterior elements such as sloping roof planes to shed water, and elements that are required by building codes such as flashing materials, smoke and fire detection systems, etc.  Kraly also indicates that there are standard space configurations in designs such as halls that lead to and from stairways, kitchens adjacent to

---

[9] Id.
[10] Id.
[11] Plaintiff's memorandum in support of its motion to exclude contains the statement: "Defendants' expert, Mr. Richard Kraly, is presumably an architect. The word "presumably" is used because Mr. Kraly's expert report contains no information concerning Mr. Kraly's background, qualifications, or expertise, except that his signature line states 'Architect. '" After plaintiff made this assertion, defendants provided evidence that they produced Kraly's CV, and plaintiff made no further mention of this topic in its reply brief.  Because plaintiff is not mounting an actual challenge to Mr. Kraly's expertise as an architect, it is not necessary to schedule a *Daubert* hearing to further explore whether he is qualified to provide an opinion regarding the architectural elements of the parties' designs.

breakfast rooms and dining rooms, etc. He lists basic geometrical shapes that are commonly used such as circular stairways, angled walls, and bay windows. Finally, Kraly notes that certain abstract ideas or concepts are commonly employed in house design, such as first floor master bedroom suites, second floor bedrooms for children, front porches with protective overhangs, etc.

After identifying features which he considered standard features of residential house design, Mr. Kraly's report then examined each of the house designs involved in this lawsuit. For example, at page 14 of his report, Mr. Kraly examined plaintiff's Crawford house design. He listed the standard features that he considered not protectable. The final section of his examination of the Crawford design stated:

> **Are similarities protected**
>
> A casual observer may identify what appears to be similarities between this house and another but as shown in the preceding sections of this analysis:
>
> a. Materials/products
> b. Configurations/assemblies
> c. Rooms/functional areas
> d. Exterior elements and building code requirements
> e. Standard space configurations
> f. Common geometrical shapes
>
> all combined in the Crawford to yield abstract concepts, the basis of which are non-protected and excluded elements which, in the end, render the Crawford trademark meaningless and of no value.[12]

Mr. Kraly's report examined each of plaintiff's designs and reached the same conclusion as with the Crawford design.[13] He opined that plaintiff's designs consist solely of standard, non-protected elements.

---

[12] ECF Doc. 97-2 at Ex. 1, Page ID# 3899.
[13] Id., Page ID#s 3902, 3905, 3908, 3911, 3914, 3917, 3920.

Mr. Kraly's report also included a side-by-side comparison of the parties' design features. These comparisons listed similarities and differences between the parties' basic design features.[14]

**D.      Mr. Kraly's Deposition**

Plaintiff has not taken the deposition of Mr. Kraly in this case. Rather, plaintiff submitted a 2006 deposition of Mr. Kraly from an unrelated case, *Shumacher Homes Operations, Inc. v. Reserve Builders, LLC, et al., #5:05cv1715*. Plaintiff uses this deposition to support its argument that Mr. Kraly is unfamiliar with copyright law. However, this deposition transcript is of little evidentiary value in this case because it was taken nearly 11 years ago. Even if Mr. Kraly's knowledge of copyright law was the central issue in deciding whether he could testify as an expert in this case, the deposition submitted by plaintiff would not assist the court in making that determination. Because so much time has passed since the deposition was taken and because Mr. Kraly has continued to be involved in copyright infringement litigation, it is unlikely that his knowledge has remained static since 2006.

**E.      Fed. R. Civ. P. 26(a)(2)(B)**

Among other things, plaintiff argues that defendants' expert disclosure concerning Kraly was deficient because they failed to disclose his qualifications, a list of his other cases, or a statement of the compensation he is to be paid, etc., pursuant to Fed. R. Civ. P. 26(a)(2)(B).

Defendants contend that plaintiff's arguments related to Mr. Kraly's qualifications are disingenuous because plaintiff's counsel has been aware of Mr. Kraly's qualifications since, at least, 2006. Defendants also attach Mr. Kraly's CV and affidavit to their memorandum in opposition to the motion to exclude.[15] In so doing, defendants presumably confirm plaintiff's

---

[14] Id. Page ID#s 3921-3952.
[15] ECF Doc. 102 at Exs. 1, 1A, and 1B.

assertion that Mr. Kraly's information was not previously provided in compliance with Civil Rule 26.

As noted in prior orders, this court has powerful weapons under the civil rules that can be used to force the parties to do discovery properly. Plaintiff argues that the court should exclude Mr. Kraly's report because defendants failed to comply with the requirements of Civil Rule 26(a)(2)(B). The court may exclude a party's evidence if the failure to timely disclose was without "substantial justification" or creates "harm"" to the other party. The Sixth Circuit uses four factors to review a Rule 37 sanction: first, whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; second, whether the adversary was prejudiced by the party's failure to cooperate in discovery; third, whether the party was warned that failure to cooperate could lead to the sanction; and fourth, in regard to a dismissal, whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

Here, there is no evidence that defendants' failure was willful or done in bad faith. Conversely, plaintiff's own evidence suggests that its counsel was familiar with Mr. Kraly and his qualifications. The court is also aware that plaintiff decided against taking the deposition of Mr. Kraly in this case. This suggests that there has been little, if any, prejudice to plaintiff as a result of defendants' failure to earlier disclose the items required by Civil Rule 26(a)(2)(b). Further, apart from arguing that Kraly should not be allowed to testify, plaintiff has not argued that it has been prejudiced because of defendants' failure to comply with the disclosure requirements of Rule 26. For these reasons, the court declines to exclude Mr. Kraly's report as a result of a procedural defect.

**F. Foundations and Methodologies**

As to the substance of Mr. Kraly's opinions, plaintiff asserts several objections: 1) that Mr. Kraly is not an expert in copyright law; 2) that Mr. Kraly's concepts of originality, functionality, and "public domain" are flawed; 3) that Kraly's methodology is unreliable; and 4) that the legal sources cited in his report do not support his conclusions.

Plaintiff's principal objection to Mr. Kraly as an expert is that he is unfamiliar with the Copyright Act. As previously noted, plaintiff has not supported this contention with current evidence, instead relying on a deposition taken in 2006. Moreover, even if this assertion were still true, Mr. Kraly is not required to be an expert in copyright law. His expertise is in the area of architecture, not copyright law.

In *Design Basics, LLC v. Drexel Bldg. Supply, Inc.,* 2016 U.S. Dist. LEXIS 137713 (E.D. Wis. 2016), the court determined that an expert in architecture would assist the trier of fact in determining whether the parties' plans were substantially similar.

> [The architect's] expertise could assist the trier of fact by highlighting differences in the works and explaining why those differences tend to show an absence of copying. "If there is evidence of access and similarities exist, then the trier of the facts must determine whether the similarities are sufficient to prove copying. On this issue, analysis ('dissection') is relevant, and the testimony of experts may be received to aid the trier of the facts." *Arnstein v. Porter,* 154 F.2d 464, 468 (2d Cir. 1946). The expert's testimony may also aid the jury in understanding elements of single-family homes that are common to a given style or design.

*Drexel,* at *6-7.

The court agrees with this reasoning and finds that Mr. Kraly's expertise could assist the court and/or the trier of fact in determining the elements of residential homes that are common and in highlighting the similarities and differences between the parties' designs. Mr. Kraly is not merely stating "I'm an expert and I've looked at this – take my word for it." He has experience

12

and training in architecture and his opinions will be helpful when comparing the parties' designs.[16]

The court also finds unpersuasive plaintiff's arguments that Mr. Kraly should be disqualified as an expert because he doesn't understand certain terms of art within copyright infringement law, that his methodology is unreliable, and that his legal sources do not support his conclusions. For purposes of this case, Mr. Kraly is not expected to be an expert in copyright law. The fact that Mr. Kraly based his testimony largely on his own experience, does not necessarily disqualify him as an expert. *See Fed. R. Evid. 702,* advisory committee's notes to 2000 amends. ("Nothing in this amendment is intended to suggest that experience alone . . . may not provide a sufficient foundation for expert testimony. . . In certain fields, experience is predominant, if not sole, basis for a great deal of reliable expert testimony.") Plaintiff has not attacked Mr. Kraly's qualifications as an architect, and he is not required to be an expert in copyright law or on certain terms within that law in order to assist by comparing the parties' design plans.

Nor does the court agree that Mr. Kraly's methodology is unreliable. The court recognizes that the compilation of design features in an architectural work could be afforded copyright protection, even if the individual design features themselves might not be. "A work may be protected by copyright law when its otherwise unprotectable elements are arranged in a unique way." *T-Peg, Inc. v. Vermont Timber Works, Inc.,* 459 F.3d 110, 110 (1st Cir. 2006). Even so, that does not mean, as plaintiff suggests, that a comparison of the individual design

---

[16] Interestingly, plaintiff has submitted a declaration from Carl Cuozzo offering his opinions regarding the similarities between the parties' designs as "proof of copying". Mr. Cuozzo is not an architect and plaintiff does not even argue that he is an expert. The court can't help but wonder whether Mr. Cuozzo's opinions would stand up under the same scrutiny which plaintiff argues should apply to the opinions of Mr. Kraly.

13

features is completely irrelevant. The Copyright Act's definition of "architectural work" excludes "individual standard features" from the protectable elements of the design. 17 U.S.C. § 101. Thus, both the identification of standard design elements and the analysis of how they are put together are relevant to the copyright infringement analysis. There is no evidence before this court that Mr. Kraly is unfamiliar with standard features of residential house designs or that he is unqualified to compare design plans. The court disagrees with plaintiff that Mr. Kraly's analysis is flawed and that it will be confusing to the trier of fact.

The court agrees with plaintiff on one issue - that Mr. Kraly should not be permitted to testify as to the ultimate issue that must be decided in this case. He is not permitted to testify as to his opinion on the ultimate issue of fact, to provide legal opinions, or to dictate the conclusion of this case. *Architects Collective v. Pucciano & English, Inc., 2017 U.S. Dist. LEXIS* 61450, *19 (N. D. Ga. March 29, 2017), citing *Montgomery v. Aetna Casualty & Surety Co*, 898 F.2d 1537, 1541 (11th Cir. 1990) (citing Fed. R. Evid. 704, committee notes (merely telling jury what result to reach is not helpful to the jury and therefore is not admissible testimony)). Mr. Kraly's report offers opinions that plaintiff's copyrights are meaningless and of no value. The court agrees with plaintiff that these opinions must be excluded. However, the inclusion of such opinions in Kraly's report does not render his entire report and/or testimony inadmissible. *Architects Collective,* 2017 U.S. Dist. LEXIS at * 19-20, citing *Specht v. Jensen*, 853 F.2d 805, 809-10 (10th Cir. 1988) ("We do not exclude all testimony regarding legal issues. We recognize that a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms.") Although some of Mr. Kraly's statements are excludable, much of his report and the

14

exhibits attached thereto will be helpful in deciding the issue of substantial similarity. *See Homes v. Ala. Heritage Homes, Inc.,* 929 F.Supp.2d 1231 (N.D. Ala. 2013) (finding that expert testimony by an architect as to whether two works have meaningful architectural similarities was appropriate under *Daubert*). For those reasons, the court will grant, in part, and deny, in part, plaintiff's motion to exclude.

**IV.     Conclusion**

Plaintiff's motion to exclude is GRANTED, in part, and DENIED, in part. Richard Kraly will not be permitted to state his opinion on ultimate issues, provide legal opinions, or dictate the conclusion of this case. To the extent that his report contains such statements, they will not be considered. However, his opinions as a registered architect are helpful in identifying the standard and functional elements of single-family homes and in comparing the similarities between the parties' designs. To the extent that Mr. Kraly's opinions are helpful in identifying standard elements and in comparing the parties' designs, plaintiff's motion to exclude is denied.

IT IS SO ORDERED.

Dated: July 3, 2017

Thomas M. Parker
United States Magistrate Judge

_____