IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DESIGN BASICS, LLC, | ) | Case No. 1:14-CV-01966 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| v. | ) | |
| | ) | |
| PETROS HOMES, INC., et al., | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

This matter is before the court[1] on plaintiff's motion to reconsider the court's decision on plaintiff's motion to exclude defendants' expert opinion evidence. (ECF Doc. No. 109) Plaintiff sought to exclude any expert opinion evidence offered Architect Richard Kraly. The court's July 3, 2017 order addressed each of plaintiff's arguments related to Mr. Kraly's qualifications to offer expert opinions in this case. Even if the court were inclined to reconsider its order, it would be unnecessary to do so. There is no indication that Mr. Kraly's qualifications as a registered architect would be the subject of challenge in a *Daubert* hearing. Plaintiff is merely seeking another opportunity to persuade the court on the law that applies to this matter.

Because plaintiff has identified no basis for a modification of the court's order on the motion to exclude defendants' expert, plaintiff's motion to reconsider is DENIED.

---

[1] The parties have consented to my jurisdiction; ECF Doc. No. 57, Page ID# 280.

Plaintiff argues that the court made its decision on the motion to exclude in large part due to plaintiff's strategic decision not to depose Mr. Kraly – a decision it claims was made because of the court's case management order. This is an inaccurate characterization of the court's July 3rd order. The fact that plaintiff chose not to depose Mr. Kraly was not the primary basis of the court's order. Rather, the court overruled the bulk of plaintiff's motion to exclude because it was based on an argument that lacked legal support. Plaintiff essentially argued that Mr. Kraly was required to be an expert in copyright law in order to assist the court or the trier of fact in this case. Plaintiff attempted to discredit Mr. Kraly by submitting a deposition from another case bolstering its position that he did not understand copyright law. However, as the July 3rd order made clear, the issue here is not whether Mr. Kraly is an expert in copyright law. The issue is whether he will be able to assist the court or the trier of fact in determining whether the parties' plans were substantially similar.

> [The architect's] expertise could assist the trier of fact by highlighting differences in the works and explaining why those differences tend to show an absence of copying. "If there is evidence of access and similarities exist, then the trier of the facts must determine whether the similarities are sufficient to prove copying. On this issue, analysis ('dissection') is relevant, and the testimony of experts may be received to aid the trier of the facts." *Arnstein v. Porter,* 154 F.2d 464, 468 (2d Cir. 1946). The expert's testimony may also aid the jury in understanding elements of single-family homes that are common to a given style or design.

*Design Basics v. Drexel,* 2016 U.S. Dist. LEXIS 137713, *6-7. See also, *Design Basics, LLC v. Lexington Homes, Inc.,* 2016 U.S. Dist. Lexis 140207, *12-13 (E.D. Wis. Sept. 30, 2016).

Architects are experts within the scope of Rule 702. See Fed. R. Evid. 702 Advisory Committee's note ("[W]ithin the scope of this rule are not only experts in the strictest sense of the word, e.g. physicians, physicists, and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers or landowners testifying to land values."). "An expert must possess a verifiable expertise in the subject matter for which he or she seeks to testify." *Wheeler*

*Peak, LLC v. L.C.I.2, Inc.,* 2010 U.S. Dist. LEXIS 13365, 2010 WL 611011 (D.N.M. 2010); see also Fed. R. Evid. 702. The expert is also "required to possess such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004).

The court's July 17, 2016 case management order states that "if the qualifications of an expert witness are being challenged, the court will conduct a *Daubert* hearing before trial."[2] Consistent with the case management order, the court's July 3rd order ruled that a *Daubert* hearing was unnecessary because plaintiff was not challenging Mr. Kraly's qualifications as an architect *per se*. And, the court disagreed with plaintiff's legal argument that Mr. Kraly was required to be an expert in copyright law to be of assistance in this case.

Plaintiff complains that it was not given an opportunity to challenge Mr. Kraly's qualifications as an expert in a *Daubert* hearing. However, plaintiff does not deny that it is familiar with Mr. Kraly or that he is a registered architect who is familiar with architectural design plans. Thus, plaintiff has not set forth any reason why a *Daubert* hearing is necessary in this matter. At such a hearing, plaintiff would merely be challenging Mr. Kraly's expertise in areas which the court has already determined he is not required to be an expert. This court has discretion in deciding whether a *Daubert* hearing is necessary. *See Nelson v. Tennessee Gas Pipeline Co.,* 243 F.3d 244, 249 (6th Cir. 2001). Because plaintiff is not challenging Mr. Kraly's qualifications as an architect, a hearing is not necessary in this case.

---

[2] ECF Doc. 59, Page ID# 315.

Plaintiff's motion to reconsider the court's July 3, 2017 order on plaintiff's motion to exclude expert opinion evidence is DENIED. The final pretrial scheduled for July 14, 2017 at 11:00 a.m. is CONFIRMED. Unless this case is resolved through settlement or by the issuance of an order on the pending motion for summary judgment, lead counsel who will be present at trial and a representative for each party with full settlement authority are required to attend. Please plan accordingly.

      IT IS SO ORDERED.

Dated: July 6, 2017

                                                  Thomas M. Parker
                                                  United States Magistrate Judge